**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>VERONICA GUADALUPE SANDOVAL,<br><br>Defendant. | CR-10-02991-TUC-CKJ (JCG)<br><br>**ORDER** |

On September 28, 2011, Defendant Veronica Sandoval filed a Motion to Dismiss for Violation of the Speedy Trial Act, 18 U.S.C. § 3161 [Doc. 62]. The Government filed its Response on October 11, 2011 [Doc. 71]. The Court heard oral argument on October 24, 2011. The Court denied the motion on October 28, 2011, and this Order follows.

*Factual Background*

On October 15, 2010, Defendant Sandoval was arrested subsequent to a traffic stop by the Patagonia Marshal. Compl. [Doc. 2]. Defendant allegedly was hauling approximately 368 kilograms of marijuana in a horse trailer. *Id.* Defendant was released on her own recognizance on October 20, 2010. On October 27, 2010, Defendant was indicted on one count of knowingly and intentionally possessing with intent to distribute 100 kilograms or more, but less than 1,000 kilograms of marijuana in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(vii). Indictment [Doc. 7]. On November 11, 2010,

Defendant was arraigned before Magistrate Judge Ferraro. Minute Entry 11/12/10 [Doc. 11]. Trial was set for January 4, 2011.

Defendant filed her first Motion to Continue Trial and Plea Deadline [Doc. 13] on December 27, 2010. That motion requested additional time for counsel to prepare for trial, including discovery, and to "diligently evaluate the evidence and compare their strength against the allegations in the indictment in order to provide Ms. Sandoval with prudent legal advice." Def.'s Mot. to Cont. Trial and Plea Deadline [Doc. 13] at 1-2. The Court issued its Order [Doc. 14] granting this motion pursuant to § 3161(h)(7), 18 U.S.C., finding that in light of counsel's averments, a "failure to grant a continuance [was] likely to result in a miscarriage of justice" and resetting trial for sixty-three (63) days away. Order 1/3/11 [Doc. 14]. The new trial date was set for March 8, 2011. *Id*.

On February 22, 2011, Defendant filed her second Motion to Continue Plea Deadline and Trial Dates [Doc. 15]. Defense counsel stated that he did not sign a disclosure agreement with counsel for the Government in this matter, and as such the discovery process was protracted. Def.'s Mot. to Cont. Plea Deadline and Trial Dates [Doc. 15] at 1. Additionally, counsel had been working on other federal appeals. *Id.* On February 25, 2011, the Court issued its Order [Doc. 16] granting the continuance, allowing an additionally forty-nine (49) days for defense counsel to prepare, and finding that "failure to grant the a continuance [was] likely to result in a miscarriage of justice." Order 2/25/11 [Doc. 16]. The trial was set for April 26, 2011. *Id*.

On March 18, 2011, Defendant filed her Motion to Suppress Evidence [Doc. 17]. A hearing regarding this motion was held by Magistrate Judge Guerin on April 11, 2011. Minute Entry [Doc. 27]. On April 19, 2011, Defendant filed her third Motion to Continue Plea Deadline and Trial Dates [Doc. 31]. The motion recognized the pending motion to suppress, and averred that once the Report and Recommendation issued he would need additional time to review and file responses thereto. Def.'s Mot. to Cont. Plea Deadline and Trial Dates [Doc. 31] at 1. On April 20, 2011, the Court issued its Order [Doc. 32] granting the motion pursuant to § 3161(h)(7), 18 U.S.C., in light of counsel's colloquy regarding the

need for additional time, the Court found that a "failure to grant the continuance is likely to result in a miscarriage of justice." Order 4/20/11 [Doc. 32] at 1. On May 19, 2011, Magistrate Judge Guerin issued her Report and Recommendation [Doc. 33]. On June 1, 2011, Defendant filed a Motion to Extend Time to File Document [File Objections to the Report & Recommendation] [Doc. 35]. The Court issued its Order [Doc. 36] granting Defendant's request the same day. On June 17, 2011, Defendant filed her Objection to Report and Recommendation on Ms. Sandoval's Motion to Suppress Evidence [Doc. 39]. On July 13, 2011, the Government filed its Response to Defendant's Objections to Magistrate's Report and Recommendation [Doc. 40]. On August 3, 2011, the Court issued its Order [Doc. 43] adopting the magistrate judge's Report and Recommendation [Doc. 35].

On June 2, 2011, Defendant filed her fourth Motion to Continue Trial and Plea Deadline Dates [Doc. 37]. Defendant acknowledged that the time for the Government to respond to objections to the R & R would extend beyond the plea deadline and extending the trial date was necessary for counsel to prepare for trial. Def.'s Mot. to Cont. Plea Deadline and Trial Dates [Doc. 37]. On June 6, 2011 the Court issued its Order [Doc. 38] granting Defendant's motion and continuing the trial for an additional forty-two (42) days. The trial date was reset for August 2, 2011. On July 18, 2011, Defendant filed her fifth Motion to Continue Trial and Plea Deadline Dates [Doc. 41]. Defendant acknowledged that she was waiting for this Court to issue its ruling on the report and recommendation. On July 20, 2011, the Court issued its Order [Doc. 42] granting Defendant's motion, and continued the trial to October 4, 2011.

On August 9, 2011, the Court set a status conference for August 11, 2011. *See* Text Order 8/9/11 [Doc. 44]. On August 10, 2011, Defendant filed a Motion to Continue Status Conference [Doc. 45] requesting additional time to allow for Defendant to adjust her work schedule and travel to the courthouse. Def.'s Mot. to Cont. Status Conf. [Doc. 45] at 1. The Court granted Defendant's request on August 10, 2011. Text Order 8/10/11 [Doc. 46]. The status conference was reset to August 22, 2011. *Id.* At the August 22, 2011 status conference, the Court affirmatively addressed whether or not there were any speedy trial

concerns, and Defense counsel said that in order to adequately prepare for trial, additional time beyond the October 4, 2011 trial date was necessary. The Court declined to set the date further out than October 4, 2011. *See* Minute Entry 8/22/2011 [Doc. 47].

On September 19, 2011, Defendant filed several motions *in limine* pursuant to the Court's motion deadline. *See id.* On September 28, 2011, Defendant filed her First Motion to Dismiss for Violation of the Speedy Trial Act, 18 U.S.C. § 3161 [Doc. 62].

*Analysis*

The Speedy Trial Act ("Act"), 18 U.S.C. § 3161 *et seq.* requires that a criminal defendant must be brought to trial within seventy (70) days after she is charged or makes an initial appearance, whichever is later. 18 U.S.C. § 3161(c)(1). If this deadline is not met, a defendant is entitled to dismissal of the charges. 18 U.S.C. § 3162(a)(2). "The Act is designed to ensure that justice is not impaired by unnecessary delay between arraignment and trial." *United States v. Daychild*, 357 F.3d 1082, 1090 (9th Cir. 2004). "The Act, however, excludes from the 70-day period delays due to certain enumerated events. [18 U.S.C.] § 3161(h)." *Bloate v. United States*, – U.S. –, 130 S.Ct. 1345, 1349, 176 L.Ed.2d 54 (2010). There are two sections of Section 3161(h), 18 U.S.C., which are relevant to this case. The first is Section 3161(h)(1), 18 U.S.C., delays resulting from "proceedings concerning the defendant" and the second is subsection(h)(7), periods of delay resulting from a continuance granted by the judge. The United States Supreme Court has distinguished automatically excluded periods of delay from those requiring judicial action, stating:

> The excludability of delay "resulting from . . . proceedings" under subsection (h)(1) is "automatic" in the sense that a district court must exclude such delay from a Speedy Trial Act calculation without any further analysis as to whether the benefit of the delay outweighs its cost. For delays resulting from proceedings under subsection (h)(1), Congress already has determined that the benefit of such delay outweighs its cost to a speedy trial, regardless of the specifics of the case. The word "automatic" serves as a useful shorthand. See, *e.g., United States v. Lucky*, 569 F.3d 101, 106 (C.A.2 2009) ("Some exclusions are automatic. Other exclusions require judicial action" (citation omitted)).

*Bloate*, 130 S.Ct. at 1349 n.1; *See also Henderson v. United States*, 476 U.S. 321, 327, 106 S.Ct. 1871, 1875, 90 L.Ed.2d 299 (1986) (regarding subsection (h), "[t]he difference between (7) and (1) through (6) is a strong indication that exclusion of the periods defined in (1)-(6) was intended to be automatic." (citations omitted)).

Section 3161(h)(1)(D) excludes time as a result of delay "from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." 18 U.S.C. § 3161(h)(1)(D). Additionally, "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court" is excludable. 18 U.S.C. § 3161(h)(1)(H). Any delay based on these provisions is automatically excludable, and "[t]he district court does not have to make findings or consider any factors." *United States v. Aviles-Alvarez*, 868 F.2d 1108, 1112 (9th Cir. 1989). Furthermore, "[t]he delay due to a pre-trial motion does not even have to be 'reasonably necessary' to be excluded." *Id.* (citing *Henderson*, 476 U.S. at 330, 106 S.Ct. at 1876). "For purposes of calculating time under the Speedy Trial Act, it does not matter what type of pretrial motion is filed to invoke the exclusion of § 3161(h)(1)(F), because the language of the statutory exclusion for delay, from the filing of the motion until its prompt disposition, is unqualified as to the type of motion."[1] *Daychild*, 357 F.3d at 1095. Moreover, the district court is required "to exclude the day of the motion's filing, the period in which the motion was pending, and the day the motion was resolved" in calculating excludable time under § 3161(h)(1)(D). *Id.* at 1093-94.

Section 3161(h)(7) allows the district court to exclude "[a]ny period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action

---

[1] The 110th Congress amended subsection (h)(1) in 2008 and redesignated subsection (F) as subsection (D), but did not alter the language. Pub. L. No. 110-406, 122 Stat. 4291 (Oct. 13, 2008). Section 3161(h)(1)(F) prior to the 2008 amendments dealt with excludable delay as a result of pretrial motions.

outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Subsection B of this section mandates that the district court shall consider factors such as (i) whether failing to grant a continuance will result in a miscarriage of justice; (ii) the complexity of the case; (iii) unusual or complex issues before the grand jury; and (iv) whether a denial of a continuance would deny the defendant reasonable time to obtain counsel, unreasonably deny the defendant or the Government continuity of counsel, or deny counsel the "reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B). "Subsection (h)(7) provides 'much of the Act's flexibility,' . . . and gives district courts 'discretion-within limits and subject to specific procedures to accommodate limited delays for case-specific needs . . . .'" *Bloate*, 130 S.Ct. at 1358 (internal citations omitted). Moreover, district courts fulfill their fact-finding obligations under this subsection by "adopting stipulated factual findings which establish valid bases for Speedy Trial Act continuances." *United States v. Medina*, 524 F.3d 974, 986 (9th Cir. 2008) (quoting *United States v. Ramirez-Cortez*, 213 F.3d 1149, 1157 n.9 (9th Cir. 2000)).

Here, Defendant's first motion to continue was filed on December 27, 2010 sixty-one days after her October 27, 2011 indictment. Because the Court counts the day that the motion was filed as excludable time, sixty (60) days out of the seventy (70) day Speedy Trial clock had elapsed. The Court granted Defendant's motion to continue based on the unopposed facts delineated in her motion and adopted by the Court. As such, the time from December 27, 2010 until resolution of the motion on January 3, 2011 was excludable pursuant to 18 U.S.C. § 3161(h)(1)(D). The continuance from January 4, 2011 until the new trial date of March 8, 2011 properly resulted in excludable time pursuant to Section 3161(h)(7). On February 22, 2011, Defendant filed her second motion to continue. Again, counsel outlined specific reasons why a continuance was warranted, and the Court adopted those reasons in granting the continuance. The time from February 22, 2011 until February 25, 2011 was automatically excludable pursuant to Section 3161(h)(1)(D). Additionally, the

time from February 25, 2011 until the new trial date of April 26, 2011 was properly excludable pursuant to Section 3161(h)(7).

On March 18, 2011, Defendant filed her motion to suppress. This filing automatically resulted in excludable time pursuant to Section 3161(h)(1)(D). A hearing was held on April 11, 2011 before the magistrate judge. Magistrate Judge Guerin then had thirty (30) days to issue her Report and Recommendation (R & R) pursuant to Section 3161(h)(1)(H). On April 19, 2011, Defendant filed her third motion to continue trial, recognizing the pendency of the motion to suppress and the need for additional post-ruling briefing once the R & R issued. On April 20, 2011, the Court granted this request and reset trial for June 21, 2011. Magistrate Judge Guerin issued her R & R on May 19, 2011. This was seven (7) days after the time had run under Section(h)(1)(D); however, this delay did not affect the Court's April 20, 2011 finding that additional excludable time was necessary pursuant to Section 3161(h)(7).[2] The Seventh Circuit Court of Appeals has recognized that "[t]here is nothing in the Speedy Trial Act which says that a continuance valid when granted becomes invalid ab initio if the reasons for which the continuance was granted turn out not to be the actual causes of the delay that the continuance allows." *United States v. Carlone*, 666 F.2d 1112, 1115 (7th Cir. 1981), *cert. denied*, 456 U.S. 991, 102 S.Ct. 2272, 73 L.Ed.2d 1286 (1982).

Once an R & R is filed, the district court is then required to rule on any objections. 28 U.S.C. § 636(b)(1). With regard to the Act, the R & R "in essence serves to re-file the motions, together with the magistrate's study of them, with the district court." *United States v. Long*, 900 F.2d 1270, 1275 (8th Cir. 1990). Here, the Court received the R & R on May 19, 2011. On June 1, 2011, Defendant sought additional time to object to the R & R, which was granted. On June 2, 2011, Defendant filed her fourth motion to continue trial in light of the pending R & R and need to prepare for trial. The Court granted this motion resetting trial until August 2, 2011. Defendant filed her objections to the R & R on June 17, 2011. The

---

[2] The Court further notes that even if the seven (7) day delay were not otherwise excludable, only sixty-seven (67) of the seventy (70) days would have expired at this point.

Government filed its response to those objections on July 13, 2011. On July 18, 2011, Defendant filed her fifth motion to continue trial, the Court granted the same in light of the pending R & R and the parties need to prepare for trial once an order issued. The Court reset trial for October 4, 2011. Ultimately, this Court issued its Order adopting the R & R on August 3, 2011. "The provisions of the Act are designed to exclude all time that is consumed in placing the trial court in a position to dispose of a motion." *Henderson*, 476 U.S. at 330, 106 S.Ct. at 1877. As the Supreme Court has observed, "[i]t would not have been sensible for Congress to exclude automatically all the time prior to the hearing on a motion and 30 days after the motion is taken under advisement, but not the time during which the court remains unable to rule because it is awaiting the submission by counsel of additional materials." *Id.* As such, the time from March 18, 2011, the filing of the motion to suppress until May 12, 2011 is excludable pursuant to Section 3161(h)(1)(D) and (H). The time from May 12, 2011 until May 19, 2011 is excludable based upon the Court's granting of the April 19, 2011 motion to continue. The time from May 19, 2011 until August 3, 2011 is excludable pursuant to Section 3161(h)(1)(D), and the time from August 3, 2011 until October 4, 2011 was excludable based upon Defendant's July 18, 2011 motion to continue. Additionally, the Court held a status conference on August 22, 2011 during which defense counsel averred that an additional week beyond the October 4, 2011 trial date would be necessary to his preparation for trial. Indeed, the August 22, 2011 status conference was held in order for the Court to discuss any potential speedy trial issues with the parties, neither of whom raised any concerns.

The Supreme Court has "acknowledge[d] that it would be unpalatable to interpret the Speedy Trial Act to 'trap' district courts for accommodating a defendant's request for additional time to prepare[.]" *Bloate*, 130 S.Ct. at 1357. Furthermore, the Court finds the timing of Defendant's motion to dismiss, six (6) days prior to trial and after the status conference in August, to be disingenuous. The Ninth Circuit Court of Appeals has stated that "'[I]t is the responsibility of *defense counsel*, the government and the district court to take affirmative steps to protect a defendant's right to a trial' under the Speedy Trial Act." *United*

*States v. Shetty*, 130 F.3d 1324, 1331 (quoting *Aviles-Alvarez*, 868 F.2d at 1113) (emphasis in original). Further, the *Shetty* court noted the timing of the motion to dismiss, ten (10) days before trial in that case, reiterating the district court's position that "[d]efense counsel may not simultaneously use the Act as a sword and a shield." *Shetty*, 130 F.3d at 1331 (internal citations omitted). The Speedy Trial Act may not be used to "sandbag" the Court. *Id.* Moreover, "where [a] defendant stipulates to the need for trial preparation, he cannot maintain that continuances give rise to a violation of the Speedy Trial Act." *Shetty*, 130 F.3d at 1330 (citing *United States v. Palomba*, 31 F.3d 1456, 1462 (9th Cir. 1994)).

Defendant sought each and every continuance in this case, and averred to the need for the time given by the Court at a status conference. For defense counsel now to attempt to back out of his continuance requests is untenable. Each continuance granted by this Court was for time deemed necessary by defense counsel for adequate trial preparation. Moreover, "while it is true that court congestion cannot serve as a basis for a continuance, where a trial date is set and later changed at the request of the parties, district courts certainly cannot be required to reset cases in unworkable or 'unavailable' time slots." *Shetty*, 30 F.3d at 1328. The record in this case demonstrates that sixty (60) days of Defendant's seventy (70) day limit have run. All excludable time was properly accounted for and continuances were granted for a limited period of time and in accord with the information provided by the parties.

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss for Violation of the Speedy Trial Act, 18 U.S.C. § 3161 [Doc. 62] is DENIED.

DATED this 3rd day of November, 2011.

_____
Cindy K. Jorgenson
United States District Judge